**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANNA ROGERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 12-0019-WS-B** |
| | ) | |
| **THE HARTFORD LIFE AND** | ) | |
| **ACCIDENT INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff's filing styled "Plaintiff's Request for Leniency and Reconsideration of the Order Striking Her First Amended Complaint" (doc. 22). This filing, which the Court construes as a motion for leave to modify the scheduling order and to amend the complaint out of time, has been briefed and is ripe.

**I.      Background.**

On May 23, 2012, plaintiff filed her First Amended Complaint (doc. 19) in this action.  In that pleading, she purported to bring certain new claims, to revive certain claims that this Court had previously dismissed at the Rule 12(b) stage, and to set forth certain additional factual allegations.  The threshold problem was that plaintiff neither obtained defendant's written consent to the amendment nor requested leave of court for same.  The 21-day period for her to amend the pleadings as of right had expired more than three months earlier; therefore, she could not simply file her amendment unilaterally.  *See* Rule 15(a), Fed.R.Civ.P.  What's more, the applicable Rule 16(b) Scheduling Order (doc. 14) provides that "[a]ny motion for leave to amend the pleadings or join other parties must be filed by **May 8, 2012**."  (Doc. 14, ¶ 5.)  Plaintiff did not endeavor to amend her Complaint until more than two weeks after that deadline expired. Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P.  However, plaintiff's May 23 submission made no pretense of showing good cause for the untimely submission.

In light of these defects under both Rule 15 (failure to request leave to amend the pleadings) and Rule 16(b) (failure to show good cause to modify an expired scheduling order deadline), the Court entered an Order (doc. 20) on May 24, 2012 striking the First Amended Complaint.

Nearly two weeks later, on June 5, 2012, plaintiff filed a document styled "Plaintiff's Request for Leniency and Reconsideration of the Order Striking Her First Amended Complaint" (doc. 22).[1]  In that filing, plaintiff stated the following: (i) plaintiff's counsel "misinterpreted" the Scheduling Order as meaning that as long as she did not add new parties, plaintiff had carte blanche to amend her complaint whenever and however she wished; (ii) plaintiff's counsel had recently hired a new secretary who was "unfamiliar with the user names and passwords" for electronic filing in this District Court, such that "[c]ounsel had to contact the clerk's office to establish a new password;" and (iii) "there would be no prejudice in allowing the Amendment" at this time.

## II.    Analysis.

The critical obstacle confronting plaintiff is Rule 16(b) of the Federal Rules of Civil Procedure.  Again, the Scheduling Order set a deadline of May 8, 2012 for motions for leave to amend the pleadings.  Plaintiff seeks to amend her complaint after the expiration of that deadline;

_____

[1]     Two observations about plaintiff's filing are in order from the outset.  First, it is incorrect to frame her motion as a "Request for Leniency."  The undersigned struck the First Amended Complaint not to be stern or draconian, but because it was filed in clear derogation of the Federal Rules of Civil Procedure.  *See* Rule 15(a)(2), Fed.R.Civ.P. (after 21-day period specified in Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave").  And plaintiff's suggestion that she may amend her Complaint now if only the Court shows lenience is inconsistent with the underlying rigorous legal standard.  "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231 (11th Cir. 2008) ("because Oravec filed his motion [for leave to amend] after the scheduling order's deadline for such motions, he must show good cause") (citations and internal quotation marks omitted).  Second, it is similarly inaccurate for plaintiff to frame her Motion as a "Request for Reconsideration."  There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2).  What plaintiff really seeks here is not reconsideration of that Order, but permission to file an amended complaint now (which permission she never sought earlier).  That distinction takes this Motion out of the Rule 59 / Rule 60 framework and places the analysis squarely under Rule 16(b)(4), where it belongs.

therefore, she is effectively asking to amend the Scheduling Order. But the rule is clear that such scheduling order deadlines "may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").[2] This rule is strictly enforced. *See Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2009 WL 1118944, *2 n.5 (S.D. Ala. Apr. 27, 2009) ("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order, this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings.").[3]

By plaintiff's own admission, she could have made this proposed amendment to her Complaint at the outset of these proceedings, inasmuch as the amendment is not dependent on newly acquired information via the discovery process. After all, in plaintiff's words, "[t]he allegations added to the Amended Complaint are supported by the exhibits that were already filed with the original complaint." (Doc. 22, ¶ 6.) If plaintiff already possessed the information she needed to support the amended complaint at the time of filing the initial complaint in

---

[2]      Although motions for amendment of pleadings are ordinarily governed by the liberal amendment policy embodied in Rule 15(a), Fed.R.Civ.P., the more stringent Rule 16(b) test applies where, as here, the request for amendment postdates the applicable scheduling order deadline. *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted); *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) ("despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with … Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the scheduling order deadline).

[3]      Strict adherence to scheduling orders is important for the following reasons: "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril … Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *B.T. ex rel. Mary T. v. Department of Educ., State of Hawaii*, 637 F. Supp.2d 856, 867 (D. Haw. 2009) (citation and internal quotation marks omitted).

December 2011, then it will be inordinately difficult for her to establish that, despite being diligent, she could not amend her pleading by the May 8, 2012 scheduling order deadline.  *See, e.g., Wolk v. Kodak Imaging Network, Inc.*, --- F. Supp.2d ----, 2012 WL 11270, *8 (S.D.N.Y. Jan. 3, 2012) ("The good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (citation omitted); *Kendall v. Thaxton Road LLC*, 2011 WL 3903400, *5 (11th Cir. Sept. 7, 2011) (no good cause for untimely amendment where "the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint").

Plaintiff's proffered justifications for her untimely request to amend the pleadings fall well short of the "good cause" threshold.  First, plaintiff maintains that counsel simply "misinterpreted" the Report of Parties' Planning Meeting.[4]  But authorities are legion for the proposition that attorney inadvertence, carelessness or oversight of a published deadline is insufficient, as a matter of law, to constitute "good cause" under Rule 16(b)(4).  *See, e.g., Maryland Manor Associates v. City of Houston*, 816 F. Supp.2d 394, 401 (S.D. Tex. 2011) (party's misunderstanding of scheduling order "does not establish good cause for filing an untimely motion for leave to amend").[5]

---

[4]     This explanation is questionable on its face.  Scheduling deadlines are fixed not by the Report of Parties' Planning Meeting, but by the Rule 16(b) Scheduling Order entered by the Magistrate Judge.  That Scheduling Order left no room for ambiguity as to the deadline for motions to amend pleadings.  Besides, the Report of Parties' Planning Meeting specified that "[t]he parties request until May 8, 2012 to join additional parties and to amend the pleadings." (Doc. 13, ¶ 7.)  That is precisely the deadline they received, so it's not clear how this language could reasonably give rise to confusion concerning that deadline.

[5]     *See also In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) ("simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to constitute good cause) (citations omitted); *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) ("Failure to read a rule is the antithesis of good cause."); *Advanced Optics Electronics, Inc. v. Robins*, 769 F. Supp.2d 1285, 1313 (D.N.M. 2010) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16(b)'s "good cause" standard) (citations omitted); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. 2010) ("Carelessness, or attorney error, … is insufficient to constitute 'good cause' under Rule 16(b).") (citation omitted); *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008) (under Rule 16(b) good-cause standard, a "party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all"); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 66 (W.D.N.Y. 2004) ("Certainly, counsel's failure to carefully read the Second Amended Scheduling Order … cannot be accepted as excusable attorney neglect or good cause."); *Lamothe* (Continued)

Second, plaintiff's counsel explains that the transition to a new secretary resulted in some confusion over electronic filing procedures and passwords.  However, this obstacle is one that could have been readily overcome to enable timely filing.  Again, diligence is the touchstone of the Rule 16(b)(4) "good cause" analysis.  *See Romero*, 552 F.3d at 1319 ("To establish good cause, the party seeking the extension must have been diligent.").  With diligence, plaintiff could have worked with the Clerk's Office and found a way to file a motion to amend complaint on the day that it was prepared, notwithstanding any technical issues with the electronic filing process.  Besides, plaintiff admits that even without the password/technical issues, her proposed amendment would have not have been filed until "probably still a few days past the May 8th deadline."  (Doc. 22, ¶ 2.)  A circumstance that (a) was avoidable with diligence and (b) arose only after the deadline had expired cannot constitute good cause for missing said deadline.

Third, plaintiff suggests that there would be no prejudice if the amendment were allowed.  But diligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry.  *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp.2d 778, 786 (E.D.N.C. 2011) (opining that court has "no cause" to address prejudice "where the initial Rule 16(b) requirement of diligence has not been met"); *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp.2d 509, 521 (D. Del. 2010) ("the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party") (citation omitted); *Chao v. Westside Drywall, Inc.*, 709 F. Supp.2d 1037, 1074 (D. Or. 2010) ("lack of prejudice to the non-moving party does not constitute good cause" for an untimely amendment).  As such, an allegation that defendant will not be prejudiced if amendment is permitted now cannot help plaintiff in the absence of a threshold showing of diligence.

In light of the foregoing discussion, the Court finds that plaintiff has not met her burden of showing that she could not meet the Scheduling Order deadline with diligence, as necessary to satisfy the Rule 16(b)(4) "good cause" standard for amending the Scheduling Order.[6]

--------------------------------------------------

*v. Town of Oyster Bay*, 2011 WL 4974804, *7 (E.D.N.Y. Oct. 19, 2011) ("Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b).") (citations omitted).

[6]       Even if the proposed Amended Complaint were evaluated under the liberal Rule 15 standard, amendment would remain improper in several respects on futility grounds.  For (Continued)

### III.    Conclusion.

For all of the foregoing reasons, the Request for Leniency and Reconsideration (doc. 22), which the Court construes as a motion for leave to modify the scheduling order and to amend the complaint out of time, is **denied**.

DONE and ORDERED this 22nd day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

example, plaintiff seeks to amend her pleading to include causes of action for negligent/ wanton investigation of an insurance claim by an insurer.  By all appearances, this is simply a repackaging of the negligent/wanton claims handling causes of action that this Court previously dismissed as not being cognizable under Alabama law.  And plaintiff's attempt to replead negligent failure to hire, train or supervise fails for the same reason that the claim was initially dismissed (*i.e.*, that it is conclusory and speculative, such that it fails a *Twombly/Iqbal* analysis). Plaintiff says that defendant's employees did not investigate the claim properly or understand the terms of the policy; however, the proposed Amended Complaint does not allege that the employer "either had actual knowledge of its employee's wrongful acts and did nothing about it, or that it would have known about the employee's wrongful acts had it exercised due and proper diligence."  *Sparks v. Phillips & Cohen Associates, Ltd.*, 641 F. Supp.2d 1234, 1254 (S.D. Ala. 2008).  The March 15, 2012 Order on defendant's Rule 12(b) motion explained that plaintiff's negligent training / supervision claim fails absent facts "that there was a pattern of abuse or that Hartford was otherwise on notice of propensities of its employees to engage in tortious behavior toward insureds through fraudulent statements or otherwise, much less that Hartford failed to take corrective action."  (Doc. 15, at 10.)  Plaintiff's proposed amendment would redress none of these deficiencies, and would therefore be futile in these respects.